# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FIRST MERCURY INSURANCE CO., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-CV-109-GKF-TLW |
| THE McNELLIE'S GROUP, LLC; McNELLIE'S, LLC d/b/a/ JAMES E. McNELLIE'S PUB; ANDREW L. SHELTON; and JAMIE GYURKE, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are the following motions: the Motion of Plaintiff First Mercury Insurance Co. ("First Mercury") to Enforce Settlement Agreement with the McNellie's Defendants [Docket No. 39], and the Cross-Motion of defendants the McNellie's Group, L.L.C. and McNellie's L.L.C. (collectively, "McNellie's) for Order [Docket No. 47].

First Mercury filed this action seeking a declaratory judgment that no insurance coverage is afforded under a policy of insurance issued by First Mercury to McNellie's for certain liquor liability claims asserted against McNellie's in a state court lawsuit styled *Andrew L. Shelton and Jamie Gyurke vs. Manuel Martinez, Jr., et al.*, Case No CJ-2008-4482, and pending in the District Court in and for Tulsa County, Oklahoma..

In a mediation held September 29, 2010, Andrew Shelton's state court claims against McNellie's were settled as a result of an agreement between First Mercury and McNellie's. *See* Affidavit of Elliot Nelson, Doc. 46-1, Paragraph 3. First Mercury contends that, under the terms of that agreement, McNellie's has released First Mercury from all claims save and except a claim for coverage under the contract of insurance should a verdict be returned and a judgment entered on

Jamie Gyurke's claims in the state court lawsuit. First Mercury seeks an Order enforcing the settlement agreement consistent with that interpretation. McNellie's agrees that a settlement agreement was reached, but contends the agreement is unclear, ambiguous, and that this court may reform the agreement to be consistent with the parties' intent. McNellie's seeks an Order that McNellie's reserved all claims against First Mercury – including a bad faith claim it had not yet pled – related to First Mercury's denial of coverage on Gyurke's claims against McNellie's.

A federal trial court in this circuit has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it. *U.S. v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). However, if material facts concerning the terms of the settlement agreement are in dispute, the matter should be set for an evidentiary hearing. *Id.; Chicano Police Officer's Ass'n v. Stover*, 624 F.2d 127, 131-32 (10th Cir. 1980). This court must therefore determine whether a material fact concerning the terms of the settlement agreement are in dispute.

The terms of the agreement between First Mercury and McNellie's were discussed between counsel during the state court mediation in the presence of Elliot Nelson, McNellie's representative. Counsel for First Mercury memorialized the agreement in a note entitled "File Memorandum." It is undisputed that counsel for McNellie's reviewed the note at the mediation. The File Memorandum sets forth the following terms:

a. First Mercury and McNellie's each agreed to pay certain sums, the amounts of which are subject to a confidentiality agreement, in order to settle Shelton's claims in the state-court lawsuit.

b. Without objection from First Mercury, McNellie's would move to join Colemont Insurance Brokers of Texas, LP ("Colemont") and The Holmes Organization ("Holmes") as third party defendants in this lawsuit, but would not serve either of

2

those entities at this time.[1]

c. First Mercury and McNellie's "release[d] each other as to all claims exc[ept] coverage for Gyurke."

d. After the joinder of Colemont and Holmes, First Mercury and McNellie's would jointly move to stay this declaratory judgment action pending the trial of the claim of Jamie Gyurke in the state court lawsuit.[2]

e. First Mercury and McNellie's agreed that no aspect of their agreement, including the payment by either party towards the Shelton settlement, could be used as evidence in litigating the coverage issue presented in this lawsuit.

f. If the trial of Gyurke's claim in state court results in a verdict for McNellie's, this federal lawsuit will be dismissed by First Mercury and McNellie's.[3]

g. If the trial of Gyurke's claim in state court results in a verdict for Gyurke, this "dec[laratory judgment] action goes forward solely on [the] issue of coverage [under the First Mercury policy] for [the] verdict/judgment".

McNellie's contends that the release "as to all claims exc[ept] coverage for Gyrke" was meant "to include all of First Mercury's obligations relating to the Gyurke claim, including any obligations arising out of First Mercury's attempt to deny coverage relating to the Gyurke claim." McNellie's says its intent "was to release claims only as to the attempt to deny coverage as to the

---

[1] On October 15, 2010, McNellie's moved to join Colemont and Holmes [Docket No. 35] and this court granted the motion by Minute Order [Docket No. 42].

[2] On November 23, 2010, First Mercury and McNellie's filed a joint motion to stay these proceedings, but for the consideration of, and rulings on, McNellie's Motion for Joinder of Parties and First Mercury's Motion to Enforce Settlement Agreement. [Docket No. 41]. The court subsequently granted the motion (but for consideration of the two motions) pending adjudication of Gyurke's claim in state court. [Docket No. 43].

[3] First Mercury continues to defend McNellie's through trial on Gyurke's claim in state court.

3

Shelton claims, leaving in place all claims related to Gyurke, including any negligence or bad faith claims that McNellie's has or may have against First Mercury . . ." However, McNellie's has made no bad faith or negligence claims against First Mercury in this lawsuit.[4] The court's deadline for joining additional parties and amending the pleadings passed on October 15, 2010. McNellie's successfully sought leave to join additional parties prior to the deadline, but failed to seek leave to file a Second Amended Counterclaim containing a bad faith claim, if such was truly its intent.

McNellie's also contends that "[t]o release First Mercury from any negligence or bad faith claims and add the Holmes Organization and Colemont as additional party defendants, when the Holmes Organisation and Colemont acted as agents for First Mercury creates an absurdity." However, McNellie's alleges in its Third-Party Petition that "[t]he Holmes Organisation acted *as the agent for McNellie's* in the procurement of [the] insurance policies . . ."; and that "Colemont *acted as McNellie's agent* in the procurement of [the] insurance policies . . ." *See* Third-Party Petition, Docket No. 35-1, ¶¶ 11, 15 [emphasis added]. McNellie's claims against the Holmes Organisation and Colemont are not inconsistent with either (1) the absence of any negligence or bad faith claim against First Mercury, or (2) the release of any negligence or bad faith claim against First Mercury. Indeed, the claims against the Holmes Organisation and Colemont in McNellie's Third-Party Petition are entirely consistent with the absence/release of a bad faith claim against First Mercury. McNellie's alleges in its Third-Party Petiton that "if coverage is determined to not be afforded McNellie's based on the allegations in the Complaint filed by First Mercury," both the Holmes Organisation and Colemont are liable to McNellie's for the resulting damages based on

---

[4] *See* McNellie's Amended Counterclaim for Declaratory Relief, filed August 20, 2010 [Docket No. 31]. Moreover, Oklahoma law is clear that a negligence claim will not lie against an insurer for its handling of, or failure to pay, a claim under an insurance policy. *Lewis v. Farmers Ins. Co., Inc.*, 681 P.2d 67, 69 (Okla. 1983). Only two causes of action may be asserted: an action based on the contract, and an action for breach of the implied duty to deal fairly and in good faith. *Id.*

duties owed as McNellie's agents. *See* Third-Party Petition, ¶¶ 30 to 36.

The determination of whether a contract is ambiguous and hence requires extrinsic evidence to clarify the doubt is a question of law for the court. *Pitco Production Co. v. Chaparral Energy, Inc.*, 63 P.3d 541, 545-6 (Okla. 2003). A contract is ambiguous when it is fairly susceptible to two different constructions, so that reasonably intelligent persons, on reading the contract, would honestly differ as to its meaning. *U.S. Fidelity & Guaranty Co. v. Guenther*, 281 U.S. 34, 37, 50 S.Ct. 165 (1930). Upon review of the briefs, authorities and materials submitted by the parties, this court concludes that the agreement is not susceptible to two different constructions. No material fact concerning the terms of the settlement agreement is in dispute. The agreement is clear, definite and unambiguous that all claims are released between First Mercury and McNellie's except as to their respective claims relating to insurance coverage on Gyurke's claim against McNellie's. This conclusion is reinforced by the parties' agreement that, if Gyurke prevails in state court, this declaratory judgment action goes forward *solely* on the issue of "coverage for [the] verdict/judgment."

In essence, McNellie's' position is that it subjectively believed that the phrase "coverage for Gyurke" was meant to include an as-yet-unasserted bad faith claim. McNellie's raised its objection after First Mercury, in reliance upon the objective manifestation of intent reflected in the settlement agreement memorandum, bound itself to contributing to the settlement of the Shelton claim. However, once the parties agreed to the terms of their settlement, and acted upon it by entering into the settlement with Shelton, they will be held to the objective manifestations of intent as reflected in the settlement agreement memorandum, reviewed by counsel for McNellie's at the settlement conference, as opposed to McNellie's unexpressed subjective intent. McNellie's *unexpressed intention* not to release any as-yet unpled bad faith claim is of no consequence, for the reason stated

by Judge Learned Hand:

> A contract has, strictly speaking, nothing to do with the personal, or individual, intent of the parties. A contract is an obligation attached by the mere force of law to certain acts of the parties, usually words, which ordinarily accompany and represent a known intent. If, however, it were proved by twenty bishops that either party, when he used the words, intended something else than the usual meaning which the law imposes upon them, he would still be held, unless there were some mutual mistake, or something else of the sort. Of course, if it appear by other words, or acts, of the parties, that they attribute a peculiar meaning to such words as they use in the contract, that meaning will prevail, but only by virtue of the other words, and not because of their unexpressed intent.

*Hotchkiss v. National City Bank of New York*, 200 F. 287, 293 (S.D.N.Y. 1911), aff'd 201 F. 664 (2d Cir. 1912), aff'd 231 U.S. 50, 34 S.Ct. 20 (1913).

As the agreement between the parties is not ambiguous, the Motion to Enforce Settlement Agreement is granted.

McNellie's Cross-Motion to reform the settlement agreement must be denied based on the substantive reasons set forth above. It must be denied for the added reason that this matter is currently stayed by Order of this court and by agreement of the parties, except for consideration of First Mercury's Motion to Enforce Settlement Agreement. The agreed Order staying this case makes no exception for a motion by the McNellie's defendants to reform the settlement agreement.

WHEREFORE, the Motion of Plaintiff First Mercury Insurance Co. to Enforce Settlement Agreement with the McNellie's Defendants [Docket No. 39] is granted, and the Cross-Motion of defendants the McNellie's Group, LLC. and McNellie's L.L.C. for Order [Docket No. 47] is denied.

IT IS SO ORDERED this 18th day of January, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma